ALMON, Justice.
This is an appeal by the State of Alabama from an order granting title to a red 1983 Chevrolet Camaro automobile to SouthTrust Bank. The Camaro had been stolen from its original owner and was confiscated by law enforcement officials in Cullman. The State claims that under Ala. Code 1975, § 32-8-86, the Camaro should be forfeited to the State of Alabama Bureau of Investigation for use in Cullman.
Kenneth Wolfe of Jefferson County bought this 1983 Camaro for his daughter. The car was stolen, and Wolfe reported the theft. Wolfe’s insurance company paid him for the car, and he transferred title to the car to his insurance company.
After transactions not necessary to relate here, Vickie Sellers bought this vehicle. SouthTrust supplied the purchase *271 money for the sale to Sellers and took a security interest. The State of Alabama issued a certificate of title to Sellers, showing SouthTrust as the lienholder.
Law enforcement officers in Cullman obtained information indicating that the car’s vehicle identification number (VIN) had been altered. Based on an inspection of the vehicle, the officers concluded that the VIN, the transmission and engine numbers, and the “Federal sticker” had been altered. Because of these alterations, state and county authorities confiscated the Camaro on June 12, 1985.
Sellers filed for bankruptcy, and the trustee in bankruptcy relinquished any claim to the car in favor of SouthTrust.
On January 15, 1987, the district attorney of Cullman County petitioned the circuit court to declare the Camaro contraband and to allow the State of Alabama Bureau of Investigation in Cullman to use the car. An advertisement was placed in the local newspaper requiring those with claims to file the claims with the circuit court. SouthTrust filed its claim, with supporting documents, on February 20, 1987. Wolfe’s insurance company never filed a claim. On June 30, 1987, the circuit court entered judgment declaring that South-Trust held title to the Camaro.
The State’s appeal relies on Ala.Code 1975, §§ 32-8-2(12), 32-8-86(h), and 32-8-86(j). It uses these provisions to raise the issue of whether SouthTrust could properly be granted title to the Camaro.
Section 32-8-86(h) states, “Any vehicle ... wherein the identification numbers appear to be altered ... may be seized and detained by law enforcement officials for a reasonable period of time for determination of the true identity of the vehicle. Any item seized by law enforcement officials wherein ownership cannot be determined shall be contraband and subject to forfeiture.” The State properly argues that that provision is the basis for both the seizure of the Camaro and the petition filed by the district attorney in Cullman County.
Section 32-8-86(j) states, “Any vehicle which has been reported stolen and subsequently recovered by law enforcement officials may be returned to the person claiming ownership upon proper ownership documentation. However, any recovered vehicle wherein ownership is in question shall be returned subject only to the orders and judgment of the court having jurisdiction over the forfeiture proceedings.” This provision gives SouthTrust the right to obtain the Camaro if SouthTrust proves ownership of the car. The provision also gives the trial court jurisdiction to determine ownership of the Camaro.
The State argues that § 32-8-2(12) disqualifies SouthTrust from being the “owner” of the Camaro. The provision defines “owner” for the purposes of Title 32, Chapter 8, as “a person, other than a lienholder, having the property in or title to a vehicle.” Wolfe’s insurance company never filed a claim to the Camaro, so there is no claim of ownership by the original owner of the vehicle or his assignee. Sellers declared bankruptcy, and the trustee in bankruptcy relinquished any claim to the car to SouthTrust. SouthTrust thus became the owner of the car and not merely the purchase-money security interest lien-holder. Section 554, Bankruptcy Code, 1978. Accordingly, the trial court properly granted title to the Camaro to SouthTrust.
SouthTrust challenged the constitutionality of § 32-8-86(h) on due process grounds. SouthTrust noted that the statute on its face allows seizure and confiscation of private property without any reference to who has rights to the property. In the present case, this provision allowed law enforcement officials to confiscate and then to keep Sellers’s car for a full year and seven months without any process or judicial determination whatsoever concerning either Sellers’s or the State’s right to the car. However meritorious SouthTrust’s argument may have been, we do not rule on the challenge to the statute, because the trial court’s proper grant of title to SouthTrust disposes of the case.
The judgment of the trial court granting title to the 1983 Camaro to SouthTrust is affirmed.
AFFIRMED.
*272 TORBERT, C.J., and MADDOX, JONES, SHORES and HOUSTON, JJ., concur.